# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

PHILIP LOWRANCE,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

    Defendant.

CIVIL ACTION NO.: 4:18-cv-89

## **O R D E R**

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's January 28, 2019 Report and Recommendation, (doc. 14), to which objections have been filed (doc. 16). Accordingly, Court **OVERRULES** plaintiff's objections, **ADOPTS** the Report and Recommendation as the opinion of the Court, **AFFIRMS** the Acting Commissioner's final decision, and **DIRECTS** the Clerk of Court to **CLOSE** this case and **ENTER** final judgment in favor of the Acting Commissioner.

Plaintiff is unhappy, this much is clear. He failed to adequately brief his claim for judicial review of the Commissioner's decision and suffered the consequence. (Doc. 14 at 5-6, 9 (explaining that plaintiffs "waive all challenges to the ALJ's decision except the one briefed." *Jones ex rel. Martensen v. Colvin*, 2015 WL 4770059 at *3 n. 3 (S.D. Ga. Aug. 12, 2015).) He specifically complains about the Court's quotation of the Seventh Circuit's admonition that "[j]udges are not like pigs, hunting for truffles buried in briefs," *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991), and argues that he did, indeed, provide citations to the record. (Doc. 16

at 1-2 (complaining the Magistrate Judge "quot[ed] decisional-law analogizing [his briefing] to the hunting of truffles.").) And he did indeed cite to the record, in his brief summary of the evidence. (*Id.* at 2, citing doc. 9 at 3-4.) But he didn't connect those medical history pincites to his *argument*. (*Compare* doc. 9 at 3-4 *with id*. at 6-9 & doc. 12 at 3.) Indeed, his argument on the matter — comprising two abbreviated paragraphs — included no citations whatsoever, leaving the Court to guess at what in the record he believed supported his claim and why. (Doc. 14 at 5-7.)

The Court is under no obligation to do the work of manufacturing a claim for judicial review for plaintiff. After all, "judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits — not only because the rules of procedure place the burden on the litigants, but also because their time is scarce." *Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662-63 (7th Cir. 1994). They need not endeavor to "fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). And as explained in the Report and Recommendation, plaintiff has never explained how the ALJ erred by concluding that plaintiff's two, isolated episodes of decompensation triggered by medication noncompliance (in December 2016 and October 2017) are insufficient to "establish episodes of a sustained and recurrent nature sufficient to justify meeting listings 12.04 and 12.11." (Doc. 14 at 4, citing tr. 18; *id*. at 7-8 n. 3.) Nor does he offer the slightest hint about why the two additional incidents he now lists should be considered qualifying episodes of decompensation (since, it must be remembered, 20 C.F.R. § 1204C requires *repeated* episodes of decompensation of *extended* duration and plaintiff points to incidents involving outpatient treatment and next-day release from the emergency room in stable condition). (Doc. 16 at 2-3.) Yet again, plaintiff waves at events in the record in the apparent hope that the Court will infer an argument. It will not.

2

The Commissioner's decision is affirmed.

**SO ORDERED**, this 7th day of March, 2019.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA